Chester MARKS, Plaintiff–Appellant,

v.

Geri SOLCUM; Terri Solcum, Defendants–Appellees.

No. 96–15877.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 1996 *.

Decided Oct. 18, 1996.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Chester Marks, Florence, Arizona, pro se for plaintiff-appellant.

No appearance for the defendants-appellees.

Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.

PER CURIAM:

On April 26, 1996, the Prison Litigation Reform Act of 1996 ("the Act"), Pub.L. No. 104–134, 110 Stat. 1321, was signed into law. A provision of the Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and requires us to dismiss an appeal sua sponte at any time if the case is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. This appeal requires us to determine whether section 1915(e)(2) applies to appeals pending in this court on the date of its enactment. We conclude that it does.

## I

On January 9, 1996, Arizona state prisoner Chester Marks filed a pro se 42 U.S.C. § 1983 action against Pima County Jail Director of Nurses Geri Solcum and Nurse Terri Solcum. Marks alleged that the defendants acted with deliberate indifference to his serious medical needs by failing to provide him with his contact lens solution kit for a week. The district court sua sponte dismissed his complaint as frivolous under 28 U.S.C. § 1915(d).

Marks filed his notice of appeal on April 25, 1996, one day before the effective date of the Act. The district court granted him leave to proceed on appeal in forma pauperis.

## II

We apply the analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), in determining whether new section 1915(e)(2) applies to pending cases.

■ We first consider "whether Congress has expressly prescribed the statute's proper reach." *Id.*, at ——, 114 S.Ct. at 1505. In the absence of an express command by Con-

gress, we determine, as to each provision of a statute, whether it has retroactive effect. *Id.*

The Act does not specify whether section 1915(e)(2) applies to pending cases. Because Congress did not prescribe the reach of section 1915(e)(2), we consider whether the provision has an impermissible retroactive effect.

A statute has an impermissible retroactive effect if it would impair substantive rights a party possessed at the time it acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. *Id.* By contrast, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id.*, at ——, 114 S.Ct. at 1502.

Because section 1915(e)(2) does not impair any substantive rights of prisoners, but instead merely affects the ability of prisoners to maintain appeals in forma pauperis, we conclude that section 1915(e)(2) is a procedural rule which raises no retroactivity concerns under *Landgraf. See id.* We hold that section 1915(e)(2) applies to all appeals pending on or after April 26, 1996, regardless of when the complaint or notice of appeal was filed.

### III

Because section 1915(e)(2) applies to pending appeals, we apply the provision in this case. To state a claim under 42 U.S.C. § 1983, Marks must have averred that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Because Marks' complaint fails to state a claim upon which relief may be granted, we dismiss this appeal pursuant to section 1915(e)(2).

**DISMISSED.**