103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman Harold ALLEN, Plaintiff-Appellant,
v.
Samuel LEWIS, Director of ADOC, individually and official
capacities; F. Fehey, Sgt., official and individual
capacity; J.C. Keeney, Assistant Director ADOC, official
and individual capacities, Defendants-Appellees.
 No. 96-15808.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Norman Harold Allen appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his action, pursuant to 42 U.S.C. § 1983, alleging prison officials violated his due process rights when they entered erroneous information about him in the prison computer system. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 To state a cognizable due process claim under section 1983, an inmate must demonstrate that the alleged unlawful conduct imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 4
 Here, Allen alleges that prison officials erroneously indicated in his prison file that he had been disciplined for "possession of narcotics" rather than "possession of drug paraphernalia." He contends that this error could be used by authorities in Louisiana during his parole revocation proceedings to increase his sentence. Allen concedes in his reply brief, however, that thus far, no prison officials have actually relied on the "error" to his detriment. Allen, therefore, has failed to demonstrate how his prison disciplinary file has been used to impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 115 S.Ct. at 2301. Because Allen could not state a cognizable due process claim, the district court properly dismissed his complaint without leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).[1] Accordingly, we dismiss Allen's appeal for failure to state a claim. See Marks v. Solcum, 98 F.3d 494 (9th Cir.1996).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to reconsider this court's order striking portions of the excerpt of record is granted to the extent that those portions were filed as part of the district court record