106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Hugh MORRISON, Plaintiff-Appellant,
v.
Jan Peter LONDAHL, Assistant Attorney General, State of
Oregon; Tamara Blair, Staff Member, Oregon State
Penitentiary; Mike Keepers, Mailroom Personnel; Connie
Beeler, Mailroom Personnel; Linder Anderson, Mailroom
Personnel, Defendants-Appellees.
 No. 96-35278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Hugh Morrison, an Oregon state prisoner, appeals pro se the district court's dismissal of his action brought under 42 U.S.C. §§ 1983 and 1985(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.
 
 
 3
 We reject Morrison's contention that the district court abused its discretion by refusing to allow him to assert the same claims in this action, which the district court dismissed with prejudice in a prior forma pauperis action. See Triparti v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987). Accordingly, we affirm the district court's dismissal of these claims.
 
 
 4
 Morrison alleged in his complaint that the defendants violated his rights under the First Amendment by destroying his mail and by preventing him from sending or receiving his mail. The district court dismissed this claim with leave to amend, instructing Morrison to provide specific incidents in which the defendants disrupted his mail. In so doing, the district court observed that Morrison had filed another in forma pauperis action in which he asserted a similar claim and warned Morrison that he did not have a right to have two actions pending based on the identical facts. After Morrison failed to file an amended complaint as directed, the district court dismissed this claim with prejudice. Under these circumstances, we cannot say that the district court abused its discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992). Accordingly, we affirm the district court's dismissal of this claim.
 
 
 5
 Finally, Morrison contends that the district court erred by dismissing his due process claim and by failing to consider his retaliation claim. These contentions lack merit.
 
 
 6
 In the absence of any facts showing that Morrison was prevented from presenting an effective case, Morrison's due process claim must fail. See David v. United States, 820 F.2d 1038, 1040 (9th Cir.1987). Although the district court failed to consider Morrison's retaliation claim, a review of his complaint indicates that he failed to allege facts showing that the prison officials' alleged retaliatory action did not advance legitimate penological goals of the institution. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Because Morrison is proceeding in forma pauperis, and because Morrison's complaint failed to state a claim upon which relief may be granted, we dismiss this portion of his appeal under the Prison Litigation Reform Act. See Marks v. Solcum, 98 F.3d 494, 496 (9th Cir.1996) (per curiam).
 
 
 7
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3