116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Michael DONOHUE, Plaintiff-Appellant,
v.
Sam LEWIS, Director; J.C. Keeney, Director, Arizona State
Prison; Charles Ryan, Senior Warden; Meg Savage, Warden;
Captain Montano, # 94; Merry Lutz, Captain, Badge # 12;
Sgt. Pickard; CSO Roberts, Defendants-Appellees.
 No. 96-17019.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 19, 1997.**
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-00797-WPC; William P. Copple, Senior District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Michael Donohue, an Arizona state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action against defendant prison officials. Donohue alleged that the defendants violated his due process rights in connection with a disciplinary proceeding. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989), and we dismiss the appeal.
 
 
 3
 In his complaint, Donohue alleged that as a result of testing positive for amphetamines, he was placed in isolation for five days, he had various privileges revoked for thirty days, and he lost his prison job. The district court dismissed Donohue's complaint for failure to state a claim, concluding that Donohue did not have a liberty interest in remaining free from disciplinary segregation because the sanctions he received did not impose an atypical and significant deprivation upon him in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 4
 In Marks v. Solcum, 98 F.3d 494, 496 (9th Cir.1996) (per curiam), we recently held that where a prisoner's in forma pauperis complaint fails to state a claim upon which relief can be granted, we must dismiss his appeal under section 1915(e)(2) of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). After reviewing the allegations in Donohue's complaint, we conclude, as did the district court, that Donohue's complaint fails to state a claim upon which relief may be granted. See Sandin, 115 S.Ct. at 2300; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995) (per curiam). Accordingly, we dismiss this appeal under 28 U.S.C. § 1915(e)(2). See Marks, 98 F.3d at 496.
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3