120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Paul CLARK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-35503.
 United States Court of Appeals, Ninth Circuit.
 July 17, 1997.**
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Paul Clark, a Washington state prisoner, appeals pro se the district court's summary judgment for the defendants in his action alleging intentional infliction of emotional distress brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), and we dismiss.
 
 
 3
 Section 1915(e) (2) of the Prison Litigation Reform Act ("PLRA"), Pub.L. 104-134, 110 Stat. 1321 (1996), requires us to dismiss in forma pauperis appeals sua sponte if the case fails to state a claim upon which relief can be granted. See Marks v. Solcum, 98 F.3d 494, 496 (9th Cir.1996) (per curiam).
 
 
 4
 To state a claim for intentional infliction of emotional distress in California, the plaintiff must allege, among other things, that the defendant engaged in "outrageous" conduct. See Potter v. Firestone Tire and Rubber Co., 863 P.2d 795, 819 (Cal 1993). Outrageous conduct is that which exceeds "all bounds usually tolerated by a decent society, [and is] of a nature which is especially calculated to cause, and does cause, mental distress.... Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." See Afarwaal v. Johnson, 603 P.2d 58, 67 (citations and internal quotations omitted).
 
 
 5
 Here, Clark alleged that prison officials seized, and subsequently misplaced, one of his new New Balance tennis shoes. Clark further alleged that the defendants denied taking the tennis shoe when he requested its return. Even accepting Clark's allegations as true, the confiscation of a tennis shoe is not conduct which "exceeds all bounds usually tolerated by a decent society." See id.
 
 
 6
 Clark's contention that the Central District of California lacked jurisdiction to transfer his case to the Eastern District of Washington fails because a district court is authorized to transfer cases to the judicial district in which the plaintiff currently resides for the "convenience of parties and witnesses, in the interest of justice." See 28 U.S.C. 1404(a). Accordingly, we dismiss Clark's appeal from the grant of summary judgment for the defendants for failure to state a claim. See Marks, 98 F.3d at 496.[1]
 
 DISMISSED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because it is absolutely clear that no amendment could cure the defect in Clark's complaint, we reject his contention that he should have been granted leave to amend. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam)
 We also reject Clark's request for attorneys fees because the government has not waived its immunity from claims for attorney's fees. See Campbell v. United States, 835 F.2d 193, 195 (9th Cir.1987).
 
 
 [2]
 Clark claimed for the first time in response to the defendant's summary judgment motion that the lack of access to California legal materials violated his constitutional right of meaningful access to the courts. Because Clark never raised this issue in his complaint, it is inappropriate for us to consider this issue on appeal. See Stallcop v. Kaiser Found. Hosp., 820 F.2d 1044, 1050 n. 5 (9th Cir.1987)