127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles NEWMAN, Petitioner-Appellant,
v.
(Unknown) JENSEN; (Unknown) Leslie; John G. Bailey;
(Unknown) Chavez; (Unknown) Bottax; (Unknown)
Washington, Respondents-Appellees.
 No. 96-55587.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Decided October 24, 1997.
 
 Appeal from the United States District Court for the Central District of California WILLIAM MATTHEW BYRNE, Jr., Chief Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Newman, a California state prisoner, appeals pro se the district court's denial of his request to proceed in forma pauperis in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of leave to proceed in forma pauperis for abuse of discretion. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). We interpret the district court's dismissal of Newman's in forma pauperis complaint before service of process as a dismissal pursuant to 28 U.S.C. § 1915(d).[1] See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We agree with the district court's dismissal and dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
 
 
 3
 Newman brought this action against Los Angeles County police and parole officers and others, alleging that defendants conspired to arrest him without probable cause, falsely imprisoned him, and presented false evidence to the state Parole Board.
 
 
 4
 Because Newman acknowledged a source of income within the past twelve months, without describing that source, the district court did not abuse its discretion by denying Newman leave to proceed in forma pauperis. See O'Loughlin, 920 F.2d at 616-17.
 
 
 5
 Moreover, we are required to dismiss an in forma pauperis appeal sua sponte if the case "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); Marks v. Solcum, 98 F.3d 494, 495 (9th Cir.1996) (per curiam). We agree with the district court that Newman's claim is not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994) (per curiam). Heck precludes a section 1983 claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the sentence or conviction has previously been invalidated. Id. at 487. Here, Newman failed to allege that his sentence has been reversed, expunged or called into question by the issuance of a writ of habeas corpus. See id.
 
 
 6
 Accordingly, we dismiss Newman's appeal because he fails to state a claim upon which relief nay be granted. See Heck, 512 U.S. at 487; Marks, 98 F.3d at 496.
 
 
 7
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 1915(d) was redesignated section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)