127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles R. TURNER, Plaintiff-Appellant,
v.
Daniel E. LUNGREN, Attorney General; Sanjay T. KUMAR,
Deputy Attorney General, Defendants-Appellees.
 No. 96-56339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles R. Turner, a California state prisoner, appeals pro se from the dismissal as frivolous of his action under 42 U.S.C. § 1983 against the California Attorney General and a deputy attorney general. He contends that the district court erred by dismissing his action pursuant to former 28 U.S.C. § 1915(d) (amended 1996) on the ground that his sole federal remedy was a writ of habeas corpus. We dismiss the appeal.
 
 
 3
 The district court must dismiss a § 1983 action if "a judgment in favor of the plaintiff would necessarily imply the invalicity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). A procedural claim may imply the invalidity of a judgment. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (prisoner cannot claim under § 1983 that parole board violated due process by considering false information in prison file when denying parole). If such a claim implies only the need for a new hearing, however, it may be brought under § 1983. See Woratzeck v. Arizona Bd. of Executive Clemency, 117 F.3d 400, 403 (9th Cir.1997) (per curiam) (prisoner may claim that procedural defects in clemency hearing violated due process because second hearing, by itself, would not invalidate sentence).
 
 
 4
 In his complaint, Turner claimed that the defendants violated his constitutional rights by making false statements before the district court in his prior federal habeas corpus case. Turner contends that the remedy he seeks, the reinstatement and reconsideration of his habeas petition, is different from release. This contention has merit. Unlike a procedural error at trial, a procedural error in a collateral challenge to a conviction does not imply the invalidity of the conviction, but only the invalidity of the result of the collateral challenge. See id.
 
 
 5
 Nonetheless, a plaintiff seeking equitable relief such as a declaration or injunction must show that he has no adequate remedy at law and that there is a serious risk of irreparable harm. See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1997). Turner had an adequate remedy at law to pursue an appeal to this court from the district court's denial of his habeas corpus petition. See Mullis v. United States Bankr.Court, 828 F.2d 1385, 1392 (9th Cir.1992). Accordingly, we dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Marks v. Solcum, 98 F.3d 494, 495-96 (9th Cir.1996) (per curiam) (28 U.S.C. § 1915(e)(2) applies to appeals pending on or after effective date of Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), and requires this court to dismiss prisoner proceedings in forma pauperis if complaint is frivolous).
 
 
 6
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Appellant's request for oral argument and motion for appointment of counsel are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3