### Michael C. TIERNEY, Plaintiff–Appellant,

v.

### Harold KUPERS, Defendant–Appellee.

### Michael C. TIERNEY, Plaintiff–Appellant,

v.

### Crystal CORLISS; Loretta Lovano; Andrea Brynn, Defendants–Appellees.

### Nos. 97–35200, 97–35201.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 1997.*

Decided Oct. 31, 1997.

Michael C. Tierney, Clallam Bay, Washington, Pro se, plaintiff-appellant.

No appearance for the defendants-appellees.

Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

T.G. NELSON, Circuit Judge:

A 1996 amendment to 28 U.S.C. § 1915 limited the ability of prisoners, if they had filed three previous actions dismissed as frivolous, to proceed *in forma pauperis* in order to avoid paying filing fees. 28 U.S.C. § 1915(g). Washington state prisoner Michael Tierney appeals *pro se* the district court's dismissal, pursuant to that section, of his 42 U.S.C. § 1983 actions. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that the § 1915(g) calculation includes claims dismissed prior to the effective date of the statute, we affirm.

## I.

Effective April 26, 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104–134, § 804(g), 110 Stat. 1321 (1996). In part, the PLRA amended the portion of 28 U.S.C. § 1915 which deals with "proceedings *in forma pauperis*." Specifically, the new law prohibited prisoners from bringing a civil action or appeal *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

■ On November 5, 1996, Tierney, a prisoner, filed two actions under 42 U.S.C. § 1983, both of which were accompanied by applications to proceed *in forma pauperis*. Prior to filing his present § 1983 actions, Tierney filed six other actions, while incarcerated in the State of Washington, which were dismissed as frivolous or for failure to state a claim. Four of his civil rights cases were dismissed as frivolous before the effective date of § 1915(g).

After determining that "the current complaint does not involve allegations that would establish [Tierney] is under imminent danger of serious physical injury," the magistrate judge concluded that § 1915(g) "applied to cases dismissed prior to the effective date of the statute." The district court adopted the

magistrate judge's recommendation and dismissed both of Tierney's § 1983 actions pursuant to 28 U.S.C. § 1915(g), without prejudice to Tierney re-filing the complaints upon payment of the filing fees. Tierney timely appeals.

## II.

■ A district court's interpretation of a statute is a question of law subject to *de novo* review. *Parravano v. Babbitt,* 70 F.3d 539, 543 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2546, 135 L.Ed.2d 1066 (1996).

■ Tierney's claims were properly dismissed. The statute does not state that it only applies to dismissals made after April 26, 1996, the effective date of the Act. Section 1915(g) prohibits *in forma pauperis* claims brought by prisoners who have, while incarcerated, on "3 or more *prior* occasions" had claims dismissed due to their frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g) (emphasis added). This language makes clear its application to claims dismissed *prior* to the current proceedings. We conclude that, in light of the purposes of the amendment, its reference to "prior occasions" also must encompass dismissals that preceded the effective date of the act.

The legislative history of § 1915(g) clearly supports our reading of the statute. In support of the PLRA, proponents cited the costliness and common frivolity of prison inmate lawsuits. *See, e.g.,* 141 Cong. Rec. S19,110–07, S19,113 (daily ed. Dec. 21, 1995) (statement of Senator Kyl). They spoke of the Act's potential to act as a deterrent and achieve a 50% reduction in "bogus" federal inmate claims. *Id.* at S19,114. To interpret the statute as only applying to actions commenced after April 26, 1996, the effective date of the PLRA, would give every prisoner, regardless of the number of prior frivolous suits, three *more* opportunities to pursue frivolous actions-without paying any filing fees. Multiplying the number of litigious prisoners across the United States by a factor of three potentially frivolous actions per prisoner demonstrates how such an interpretation would frustrate, rather than advance,

the congressional goal of reducing frivolous prisoner litigation in federal court.

This case poses no retroactivity concerns under *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In *Marks v. Solcum*, 98 F.3d 494 (9th Cir.1996), we determined that 28 U.S.C. § 1915(e)(2), requiring dismissal of *in forma pauperis* actions deemed frivolous, malicious, or that fail to state a claim, applied to appeals pending in this court on the date of its enactment. *Marks,* 98 F.3d at 496. In so doing, we held that "[b]ecause section 1915(e)(2) does not impair any substantive rights of prisoners, but instead merely affects the ability of prisoners to maintain appeals *in forma pauperis,* we conclude that section 1915(e)(2) is a procedural rule which raises no retroactivity concerns under *Landgraf.*" *Id.* Because § 1915(g) likewise does not impair any substantive rights of prisoners, but merely affects their ability to proceed *in forma pauperis,* it also does not raise any retroactivity concerns under *Landgraf. See id.*

Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date. Therefore, regardless of the dates of the dismissals, the analysis is the same: three prior dismissals on the stated grounds equals no *in forma pauperis* status in new filings, unless the prisoner is in imminent danger of serious physical injury.

The district court's orders are AF-FIRMED.