131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven W. TAFOYA, Plaintiff-Appellant,
v.
Gary EDWARDS, Defendant-Appellee.
 No. 96-36034.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, D.C. No. CV 96-35-RWH; Robert H. Whaley, District Judge Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen W. Tafoya, a Washington state prisoner, appeals pro se from the district court's dismissal of his action pursuant to 42 U.S.C. § 1983 against Gary Edwards, a prison official who found him guilty of refusing to submit to a drug test in violation of prison regulations. Tafoya contends that the district court erred by dismissing his due process claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We dismiss the appeal.
 
 
 3
 In his amended complaint, Tafoya alleged that after a disciplinary hearing, Edwards found him guilty of refusing to provide a urine sample and imposed sanctions that included the loss of ninety days of good-time credits. Tafoya claimed that Edwards violated his right to procedural clue process by failing to specify the evidence on which he relied because on a form, Edwards stated only that the reason for his decision was: " 'written report, testimony, attachment.' " Tafoya sought damages and declaratory and injunctive relief.
 
 
 4
 A Lack of explanation does rot necessarily imply that a disciplinary decision is invalid. See Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997) (Ginsburg, J., concurring). Accordingly, Tafoya's claim is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). See id. at 487 (court must dismiss action under 42 U.S.C. § 1983 if judgment for plaintiff would "necessarily imply" invalidity of conviction or sentenced); see also Edwards, 117 S.Ct. at 1588-89 (claim regarding procedures used in prison disciplinary hearing at which sentence credits are deducted may not be brought under § 1983 if claim necessarily implies invalidity of disciplinary decision).
 
 
 5
 We assume that Tafoya had a liberty interest protected by the Due Process Clause in his good-time credits. See Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir.1995) (Washington's system of good-time credits creates due process liberty interest), vacated on other grounds, 117 S.Ct. 1840 (1997:). In a prison disciplinary proceeding, due process requires "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Wolff v. McDonnell, 418 U.S. 539, 563 (1974); see also Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994). This written record is intended to "protect the inmate against collateral consequences [such as denial of parole] based on a misunderstanding of the original proceeding" and to help ensure that prison officials act fairly in disciplinary actions. Wolff, 418 U.S. at 565.
 
 
 6
 Taffoya claims that Edwards's statement was inadequate because he failed to specify "what portion of the written report what portion of the testimony given ... whose testimony what attachment ... [and] what information in the attachment he relied upon" and "failed to give specific reasons why he refused to consider Jean Base, R.N.'s, expert testimony."
 
 
 7
 We conclude that Edwards's statement of the evidence on which he relied and the reasons for his decision was sufficient. See id. at 563. The purpose of encouraging fair decisions does not require a detailed written analysis of the evidence. See id. at 565. Moreover, on the disciplinary action form, which is attached to Tafora's original complaint, Edwards also stated that Tafoya: "did fail to provide urine sample during the one hour waiting--do not believe he could not urinate strictly because of medication."
 
 
 8
 We DISMISS this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Marks v. Solcum, 98 F.3d 494, 495-96 (9th Cir.1996) (per curiam).
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3