142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin HARRIS, Plaintiff-Appellee,
v.
M.E. AOUSSOPAULOS; K. Adams; James Gomez, Director, Dept.
of Corrections, Defendants-Appellants,
and
Charles D. MARSHALL, Warden; W. Rulff, Defendants.
 No. 96-16970.
D.C. No. CV-94-0843-VRW.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998**.
Decided April 15, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Vaughn R. Walker, DistrictJudge, Presiding.
 
 
 2
 Before FERGUSON and THOMAS, Circuit Judges, and MOLLOY, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendants appeal the District Court's denial of their motion to dismiss Harris's pro se civil rights complaint pursuant to 28 U.S.C. § 1983. We hold that the District Court erred in determining that Section 1915(g) of the Prison Reform Litigation Act, 28 U.S.C. § 1915(g) ("PRLA"), may not be applied retroactively.
 
 
 5
 This Court has jurisdiction over this appeal pursuant to the collateral order doctrine as enunciated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). The District Court's denial of defendants' motion to dismiss constitutes a ruling on a question of law and, as such, is reviewed de novo. See Keams v. Tempe Technical Inst., Inc., 39 F.3d 222, 224 (9th Cir.1994).
 
 
 6
 Section 1915(g) precludes a plaintiff from proceeding in forma pauperis if, on three prior occasions, the prisoner had an action or appeal dismissed on grounds that it was "frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g). This Court recently determined that PRLA Section 1915(e)(2), requiring this Court to dismiss such cases sua sponte, "does not impair the substantive rights of prisoners, but instead merely affects the ability of prisoners to maintain appeals in forma pauperis." Marks v. Slocum, 98 F.3d 494, 496 (9th Cir.1996) (per curiam). The Marks court therefore concluded that Section 1915(e)(2) raised no retroactivity concerns under Landgraf v. USI Film Products, 511 U.S. 244 (1994).
 
 
 7
 Marks is dispositive on the issue before this Court. Section 1915(g), like Section 1915(e), only affects Harris' ability to proceed in forma pauperis. Under the Marks rationale, therefore, it does not impair substantive rights and may be applied retroactively. The District Court's order is accordingly REVERSED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3