145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brad H. SIDLES, Plaintiff-Appellant,
v.
Samuel A. LEWIS; Terry Stewart; Mary Santin; P. Morin; K.
Warren; Don Weaver; Captain Hoy; Cpo Brill; LT.
Newton; Sgt. Sword; Cso II Garcia;
Deputy Warden Orzell,
Defendants-Appellees.
 No. 96-17219.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998.**
April 24, 1998.
 
 Appeal from the United States District Court for the District of Arizona.
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 MEMORANDUM*
 BROWNING, J., Presiding.
 
 
 1
 Arizona state prisoner Brad H. Sidles appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials showed deliberate indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 The record reveals that Sidles requested placement in protective segregation after he and another prisoner, Ron Chevalier, exchanged heated words in the prison cafeteria. Prison officials issued an internal order that would prevent Sidles and Chevalier from coming into contact, but they denied Sidles' request for segregation because he was unable to supply the names of specific prisoners who posed a threat to him. Instead, Sidles insisted that he was in danger because of Chevalier's affiliation with the Aryan Brotherhood prison gang, and because prison officials' actions in addressing his request for segregation had resulted in his being labeled a "snitch" by his fellow inmates. A few days later, Sidles was placed in protective segregation pending a reclassification hearing in which prison officials again concluded that such placement was not warranted under the circumstances.
 
 
 3
 Sidles filed this action, seeking injunctive and compensatory relief from prison officials' refusal to house him in protective segregation and claiming their deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment. The district court granted Sidles leave to proceed in forma pauperis, ordered Sidles housed in protective segregation until resolution of the case, and meticulously responded to Sidles' numerous motions and other documents. Defendants moved for summary judgment, Sidles answered that motion, but the district court summarily dismissed it without prejudice after ordering a revised schedule for discovery. The court dismissed Sidles' action sua sponte, however, at the conclusion of a telephonic hearing held to resolve other motions.
 
 
 4
 Although we would prefer a more definite statement from the district court about the reasons for dismissal, the court clearly had the authority--indeed, the obligation--to dismiss this action, pursuant to the Prison Litigation Reform Act of 1996 (PLRA), 28 U.S.C. § 1915(e)(2)(B)(ii), at any point it became clear that the action failed to state a claim upon which relief could be granted.[1] See Anderson v. Angelone, 123 F.3d 1197, 1199 (9th Cir.1997); Marks v. Solcum, 98 F.3d 494, 495 (9th Cir.1996). We agree that Sidles' allegations fail to state a claim. We therefore dismiss this appeal, as required by 28 U.S.C. § 1915(e)(2)(B)(ii), denying Sidles leave to proceed in forma pauperis. See Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that dismissal for frivolousness under former section 1915(d) does not necessarily preclude refiling after payment of fee); Marks, 98 F.3d at 496 (holding that amended section 1915(e)(2) "merely affects the ability of prisoners to maintain appeals in forma pauperis").
 
 
 5
 Dismissal was proper because Sidles' allegations, even liberally construed, cannot support a section 1983 action against Defendants. Prison officials acted on Sidles' claim that he was at risk for attack; the fact that Sidles disagrees with their solution does not create the "deliberate indifference to inmate safety" required to establish a violation of the Eighth Amendment Cruel and Unusual Punishments Clause. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (In treating prisoners' medical needs within Eighth Amendment strictures, "[a] difference of opinion does not amount to a deliberate indifference."). Sidles does not dispute that Defendants registered his request, eventually granted it, and then held a hearing to evaluate the wisdom of placing him in protective segregation. In short, Defendants took reasonable steps to ensure Sidles' safety, and "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 845.
 
 
 6
 Sidles also contends that the district court abused its discretion by denying his motion to appoint counsel pursuant to 28 U .S.C. § 1915(e)(1). This contention is without merit. Sidles' ability to articulate his claims clearly and the straightforward nature of the legal issues do not indicate exceptional circumstances requiring appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We need not decide whether a dismissal pursuant to the PLRA requires notice to the losing party that the sufficiency of the claim is at issue: Defendants' motion for summary judgment and the district court's subsequent instructions to Sidles about how to respond provided Sidles with any notice that may have been required. Cf. Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir.1998) (holding that sua sponte summary judgment requires that the losing party be on notice that claim's sufficiency is at issue); Anderson v. Angelone, 86 F.3d 932, 935 (9th Cir.1996) (holding that notice under Rule 56 is required regardless of how dismissal is styled)