145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
James GOMEZ, individually, and in his official capacity; T.
Rocha; G. Jackson, individually and in his official
capacity; M. Chastain, individually, and in his official
capacity; W. Rains, individually and in his official
capacity; D. Nelson, individually and in his official
capacity; S.W. Norman, individually and in his official
capacity; D.E. Pieper, individually and in his official
capacity; S. Clavere, individually and in his official
capacity; F.L. McIntosh, individually and official capacity;
R. Pauelka, individually and official capacity; Colman,
individually and official capacity; R. Morris, individually
and official capacity, Defendants-Appellees.
 No. 97-16226.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 SHUBB, J. Presiding
 
 
 1
 California state prisoner Eddie Lee Fain appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, pursuant to 28 U.S.C. § 1915A. Fain also appeals the denial of his motion for appointment of counsel and his request for a temporary restraining order. The district court denied the injunction and dismissed only after providing Fain with multiple opportunities to amend his complaint to state a claim under § 1983. Because we conclude that the district court did not err in finding the Fourth Amended Complaint insufficient to state a claim, we dismiss. 28 U.S.C. § 1915(e)(2)(e)(i).
 
 Strip Searches
 
 2
 Fain alleges that he was strip searched upon entering each new unit of the prison after the weapon was found in his cell. He contends that the second and third searches were unnecessary since he had been handcuffed almost continuously after the first search.
 
 
 3
 We have recognized that frequent strip searches serve a legitimate penological purpose so long as a prisoner has any opportunity to obtain contraband or a weapon outside his cell. Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir.1988) (searches when entering and leaving cells not excessive even if prisoner escorted from one portion of a unit to the next). Similarly we have also concluded that a visual strip search of male prisoners by female guards, without more, does not violate a privacy right. Id. at 334. Because Fain's own allegations establish an opportunity to obtain contraband and only incidental exposure to female officers, the district court did not err.
 
 Handcuffs
 
 4
 Fain's alleges that he was handcuffed for the majority of the five hour process leading to his placement in administrative segregation. However, Fain fails to allege that the use of handcuffs was unnecessary under the circumstances, that the handcuffs caused any excessive pain, or that any defendant acted in a subjectively wanton manner. Accordingly, the district court did not err in dismissing any attempted Eighth Amendment claim. LeMaire v. Maass, 12 F.3d 1444, 1450-52 (9th Cir.1993).
 
 Administrative Segregation
 
 5
 Fain asserts that the defendants violated his due process rights by leaving him in administrative segregation for approximately two weeks after he was initially cleared of any wrongdoing. Because such brief administrative segregation falls within the ordinary terms of confinement, the district court did not err in dismissing for failure to state a claim. Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).
 
 Access to Legal Materials
 
 6
 Fain alleges that he was denied access to legal materials by virtue of the administrative segregation and the defendants' enforcement of a state policy on indigent prisoners. As a consequence, Fain claims that he missed an opportunity to present a discovery motion in another action against some of the same defendants in this case. Fain asserts that this prevented him from discovering "correct names of other parties" involved in the alleged misconduct which formed the basis for the second action.
 
 
 7
 Fain's allegations and exhibits contradict his claim by showing that: (1) prison officials merely required Fain to undertake minor administrative steps prior to being allowed access to the library from administrative segregation; and (2) legal and hygienic materials were provided to Fain with charges to his trust account only when it contained funds. Further, Fain fails to set forth either the reason for the ultimate dismissal of his prior suit, the possible effect of his intended discovery motion on the outcome, or any action on behalf of defendants preventing filing of the motion prior to the events in question. Because a § 1983 claimant must allege actual injury arising from the denial of legal materials, the district court did not err in finding that Fain's vague and conclusory allegations fail to state a claim. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). Nor did the court err in declining to issue a temporary restraining order preventing enforcement of the policy on indigent prisoners. Id.
 
 Loss of Property
 
 8
 In his last assertion on the merits, Fain contends that the defendants' lost his property. Negligent or intentional deprivation of a prisoner's property fails to state a claim under § 1983 if the prisoner has an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Because California provides an adequate post-deprivation remedy, the district court did not err. See Cal. Gov't Code §§ 900 et seq.
 
 Appointment of Counsel
 
 9
 Finally, Fain contends that the district court erred in denying his motion for appointment of counsel. Despite being given numerous opportunities, Fain was unable to state a claim for relief, much less establish a likelihood of success on the merits. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997). Thus, the district court did not abuse its discretion in denying the request for counsel. Id.
 
 
 10
 Because we agree that Fain failed to state a claim upon which relief could be granted, we dismiss this appeal under 28 U.S.C. § 1915(e)(2)(e)(i). See Marks v. Solcum, 98 F.3d 494, 495-96 (9th Cir.1996) (per curium) (28 U.S.C. § 1915(e)(2) applies to appeals pending on or after the effective date of the Prison Litigation Reform Act and requires dismissal of a prisoner's in forma pauperis proceeding if the complaint fails to state a claim).
 
 
 11
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4