**ASSOCIATION OF CIVILIAN TECHNICIANS, SILVER BARONS CHAPTER and Silver Sage Chapter, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

**and**

**State of Nevada, Office of The Military and The Nevada National Guard, Intervenor.**

**Nos. 98–70838, 98–71031**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1999

Filed Jan. 10, 2000

Tax'n of S Corp. ¶ 7.12.

Daniel M. Schember, Gaffney & Schember, Washington, D.C., for the petitioner.

Judith A. Hagley, Federal Labor Relations Authority, Washington, D.C., for the respondent.

David S. Pennington, Carson City, Nevada, for the intervenor.

Before: WIGGINS, O'SCANNLAIN and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

The Association of Civilian Technicians, Silver Barons Chapter (the "Union") complains that the Nevada Air National Guard and the Nevada Army National Guard (collectively the "Agency") failed to include a provision in the collective bargaining agreement which would allow union officers to use "official time" to lobby Congress concerning working conditions. The Federal Labor Relations Authority ("FLRA") found that the Agency did not have to bargain over the provision because it was contrary to section 8015 of the 1996 Department of Defense ("DOD") Appropriations Act. We uphold the FLRA's decision and deny the petition to review.

At collective bargaining, the Union sought to require the Agency to include a provision in the collective bargaining agreement which would grant official time to "Union officials when representing Federal employees by visiting, phoning, and writing to elected representatives in support of or opposition to pending or desired legislation which would impact the working conditions of employees represented by [the Union]." [ER at 7.] The Agency refused to bargain over this provision, and the Union filed an unfair labor practice charge.

The Union argues that sections 7131 and 7102 of the Federal Service Labor–Management Relations Act (the "FSLMRA") mandate inclusion of this provision. Section 7131 of the FSLMRA governs the grant of official time. *See* 5 U.S.C. § 7131 (1994 & Supp. II 1996). Official time allows employees performing union representational functions to be paid as if they were at work, without being charged for annual leave. Under section 7131, union officials may be granted official time for a variety of reasons including those "in connection with any other matter covered by [the FSLMRA]." *Id.* Section 7102(1) provides that employees, acting in their union representational capacity, have the right to present the views of their labor organization to Congress. 5 U.S.C. § 7102(1). The FLRA has read these sections together to mean that union representatives may receive official time for lobbying Congress in matters concerning their working conditions. *See, e.g., U.S. Dept. of Army Corps. of Engineers v. National Federation of Fed. Employees Local 259*, 52 FLRA 920, 932–33 (1997).

The Agency contends, however, that section 8015 of the 1996 DOD Appropriations Act repeals this interpretation of sections 7131 and 7102 of the FSLMRA, at least with respect to DOD employees. Section 8015 provides that "[n]one of the funds made available by this Act shall be used in any way, directly or indirectly, to influence congressional action on any legislation or appropriation matters pending before Congress." Pub.L. No. 104–61, 109 Stat. 636, 654 (1996). The FLRA agreed and the Union appealed.

■■■ As an issue of law, we review this case de novo. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir.1997). Although courts owe *Chevron* deference to an agency's construction of a statute it is charged with administering, courts do not owe deference to an agency's interpretation of a statute it is not charged with administering or when an agency resolves a conflict between its statute and another statute. *See California National Guard v. FLRA*, 697 F.2d 874, 879 (9th Cir.1983). Because the FLRA is not charged with administering the DOD Appropriations Act and we are resolving a conflict between the FSLMRA and the DOD Appropriations Act, we review this case de novo.

■■■ Although it is disfavored as a matter of policy, repeal by implication can be found where Congress's intent to replace the existing statute is unambiguous. *See United States v. Will*, 449 U.S. 200, 221, 224, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980) (repeal by implication is possible even in context of appropriations bills).

■■■ Here, Congress expressed a clear intent to repeal sections 7131 and 7102 of the FSLMRA as they are read to allow DOD employees to use official time to lobby Congress. *See Granite State Chapter v. FLRA*, 173 F.3d 25, 27–28 (1st Cir. 1999). In section 8015 of the DOD Appropriations Act, Congress provided that "*[n]one* of the funds made available by this Act shall be used *in any way, directly or indirectly,* to influence congressional action on any legislation or appropriation matters pending before the Congress." (emphasis added). This language is unambiguous. Therefore, we conclude that the Union's proposal conflicted with section 8015 and the Agency was not required to include it in the collective bargaining agreement.

The decision of the FLRA is AFFIRMED.