**Gregorio C. FUNTANILLA, Jr.,**
**Plaintiff—Appellant,**

v.

**M. DOWNS, correctional officer; et**
**al., Defendants—Appellees.**

No. 02–16822.
D.C. No. CV–98–05770–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Gregorio C. Funtanilla, Jr., Corcoran, CA, pro se.

Appeal from the United States District Court for the Eastern District of California; Anthony W. Ishii, District Judge, Presiding.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM[**]

Gregorio C. Funtanilla, Jr., a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his medical condition, in violation of the Eighth Amendment. The district court dismissed the case for failure to pay a filing fee, after it denied Funtanilla in forma pauperis ("IFP") status on the grounds that he had "three strikes" under 28 U.S.C. § 1915(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's interpretation of section 1915(g) and related legal conclusions, *Andrews v. King,* 398 F.3d 1113, 1118 (9th Cir.2005), and we affirm.

■ The district court properly denied Funtanilla leave to proceed IFP because at the time he sought IFP status, he had filed more than three actions that had been dismissed as frivolous or for failure to state a claim, and he did not allege he was in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Tierney v. Kupers,* 128 F.3d 1310, 1311–12 (9th Cir.1997). Consequently, the district court properly dismissed Funtanilla's section 1983 action for failure to pay the requisite filing fee.

■ To the extent Funtanilla argues that application of the "three strikes" provision to cases pending at the time of filing is impermissibly retroactive, his argument fails because 28 U.S.C. § 1915(g) is a procedural rule that allows prisoners to waive filing fees, and does not impair any substantive rights. *See Marks v. Solcum,* 98 F.3d 494, 495–96 (9th Cir.1996) (holding

that "three strikes" provision is merely procedural and raises no retroactivity concerns).

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.