NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>DEBBIE ASUNCION, Warden, in individual and official capacity; et al.,<br><br>              Defendants-Appellees. | No. 17-55103<br><br>D.C. No. 2:16-cv-07522-JLS-AFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Antoine LeBlanc, a California state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action after denying his application to proceed in forma pauperis status ("IFP") on the ground that LeBlanc has "three strikes" under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291.

---

         *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo the interpretation and application of 28 U.S.C. § 1915(g).

*Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). We affirm.

The district court properly denied LeBlanc's request to proceed in forma pauperis because at least three of LeBlanc's prior cases qualified as "strikes" under 28 U.S.C. § 1915(g). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous or malicious, or fails to state a claim, and can be considered a strike); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that it was not an abuse of discretion to dismiss a duplicative complaint as frivolous or malicious under an earlier version of 28 U.S.C. § 1915). Because we affirm on the ground that the district court properly concluded LeBlanc had at least three strikes, we treat the dismissal of the action as being without prejudice. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 2008) (affirming district court's dismissal of case without prejudice where prisoner had accumulated three strikes).

In light of our disposition, we do not consider the district court's order on the merits of LeBlanc's claims.

**AFFIRMED.**