**Charles Oren ANDERSON,**
**Plaintiff–Appellant,**

v.

**Ron ANGELONE; Frankie Sue Del Papa; Bob Miller; Does 1–100,**
**Defendants–Appellees.**

No. 97–15304.

United States Court of Appeals, Ninth Circuit.

Submitted* Aug. 1, 1997.

Decided Aug. 13, 1997.

Charles Oren Anderson, Pro per, Jean, NV, for plaintiff–appellant.

Susan B. Weingarten, Deputy Attorney General, Las Vegas, NV, for defendants–appellees.

Before: HALL and BRUNETTI, Circuit Judges, and WEINER, District Judge.**

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34–4.

** Hon. Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Charles Anderson, a Nevada state prisoner, appeals the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 challenge to prison rules preventing him from acting as the minister of his own church at the prison. Because Anderson is proceeding in forma pauperis and his case fails to state a claim on which relief can be granted, we dismiss the appeal pursuant to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(e)(2) (see Part II infra).

The facts are adequately set out in our prior opinion in this case, *see Anderson v. Angelone,* 86 F.3d 932, 933–34 (1996), and we do not dwell on them here. To summarize, the Nevada Department of Prisons has a policy prohibiting inmates from leading religious groups. Anderson, a minister of the Universal Life Church, sued under § 1983 to challenge these regulations. The district court granted summary judgment in favor of defendants. On appeal, we reversed because the district court had in effect converted the government's motion to dismiss into a motion for summary judgment without informing Anderson of his rights to file additional materials, as required by *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988). *See Anderson,* 86 F.3d at 934–35. On remand, the district court gave the required *Klingele* notice and opportunity to oppose defendants' motion. Anderson provided no new evidence, and the district court again granted summary judgment in favor of defendants. Anderson timely appeals.

## I. First Amendment Claim

■ Anderson contends that the district court erred in granting summary judgment on his claim that the Nevada prison regulations violate his First Amendment right to the free exercise of religion.[1] We review its decision de novo. *Bagdadi v. Nazar,* 84 F.3d

1194, 1197 (9th Cir.1996). The Supreme Court has held that prison regulations "alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987).[2] Prison regulations are thus upheld if they are "reasonably related to legitimate penological interests." *Id.; Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). Factors relevant in determining the reasonableness of a restriction include (1) the connection between the regulation and a legitimate, neutral government purpose, (2) the existence of alternative means of exercising the right, (3) the impact accommodation of the right would have on guards, other inmates, and prison resources, and (4) the absence of ready alternatives to the regulation. *Id.* at 89–91, 107 S.Ct. at 2261–62.

Nevada contends that the ban on inmate-led religious activity is reasonably related to legitimate security concerns. Its concern is that an inmate may have an incentive to inflame or exert influence over other inmates and may advocate radical or inflammatory positions in an attempt to recruit members for his congregation. An additional danger is that inmate-led religious activity may be merely a cover for gang or other unlawful activity. Although this court has not previously considered this issue, several other circuits have relied on these justifications to uphold similar restrictions. *See Cooper v. Tard,* 855 F.2d 125, 129 (3rd Cir.1988) (sustaining regulation prohibiting unsupervised inmate religious activity); *Hadi v. Horn,* 830 F.2d 779, 784–85 (7th Cir.1987) (finding that cancellation of religious services when outside chaplain not available was reasonable); *Tisdale v. Dobbs,* 807 F.2d 734, 738–39 (8th Cir.1986) (upholding regulation requiring re-

---

1. In his opening brief, Anderson also appears to challenge the prison's decision to move various religious activities to other locations and its practice of preventing religious materials from coming into the prison. These claims were not raised below, and we do not consider them here.

2. In light of the Supreme Court's decision in *City of Boerne v. Flores,* —— U.S. ——, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), which held unconstitutional the Religious Freedom Restoration Act, we need not address Anderson's claim that the regulation substantially burdens his religious freedom in violation of the Act.

ligious services to be led by "outside free-world sponsor").

We agree with the approach of these courts and hold that Nevada's prohibition on inmate-led religious services does not violate the First Amendment. Requiring an outside minister to lead religious activity among inmates undoubtedly contributes to prison security. It helps ensure that inmate activity is supervised by responsible individuals and lessens the possibility that inmate religious groups will subvert prison authority. The rule does not foreclose Anderson from practicing his religion; in fact, he is welcome to assist the prison chaplain in leading religious activities. Thus, there are other ways for Anderson to exercise his rights. In light of the prison's security concerns, however, we do not see any ready alternatives to the regulation. As a result, we conclude that Nevada's regulation is reasonable and constitutional under *Turner* and *O'Lone*.

## II. Effect of Prison Litigation Reform Act

 The Prison Litigation Reform Act of 1996 establishes special rules governing proceedings by prisoners in forma pauperis. In particular, it provides, "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In *Marks v. Solcum*, 98 F.3d 494 (9th Cir.1996), we held that this provision "applies to all appeals pending on or after April 26, 1996, regardless of when the complaint or notice of appeal was filed." *Id.* at 496.[3] Because Anderson is proceeding in forma pauperis and has failed to state a claim for relief

under *Turner* and *O'Lone*, we are required to dismiss the appeal. *See id.*

The appeal is DISMISSED.

---

**3.** We do not believe that the Supreme Court's opinion in *Lindh v. Murphy*, — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) requires us to revisit this holding. Nothing in the language of the Act suggests that Congress intended this provision to apply only to cases filed after its effective date. Moreover, as *Marks* argued, section 1915(e)(2) does not impair prisoners' substantive rights; it merely prevents them from maintaining appeals that lack merit in any event. Unlike the rule in *Lindh*, it does not "change standards of proof and persuasion in a way favorable to a state." *Lindh*, — U.S. —, at —, 117 S.Ct. 2059, 2063. As a result, we conclude that *Marks'* analysis remains correct under *Lindh*.

In any event, although this case was originally brought in 1993, Anderson filed his notice of appeal on January 28, 1997, well after the effective date of the Act. As a result, we have no doubt that it governs our consideration of this appeal.