124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth O. ASHELMAN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, ADOC; Bob Goldsmith, Regional
Warden; Alfred Grijalva, Deputy Warden; Walter
Walton, Chaplain, Defendants-Appellees.
 No. 96-16366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Arizona Roslyn O. Silver, District Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth O. Ashelman, an Orthodox Jewish prisoner incarcerated in Arizona, appeals pro se the district court's denial of his motion for a preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and we affirm.
 
 
 3
 Our review for abuse of discretion of the district court's ruling on a motion for a preliminary injunction is very limited. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir.1985). "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreperable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." Id. (citation and internal quotations omitted).
 
 
 4
 Ashelman complained that various prison policies and practices violated his First Amendment right to free exercise of his religion. In light of the Supreme Court's ruling that the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 200bb to 2000bb-4, is unconstitutional, see City of Boerne v. Flores, 117 S.Ct. 2157, 2172 (1997), we review Ashelman's likelihood of success on the merits pursuant to the factors articulated in Turner v. Safley, 482 U.S. 78, 89-90 (1987). See Anderson v. Anqelone, No. 97-15304, 1997 WL 458676 * 3 (9th Cir. Aug. 13, 1997).
 
 
 5
 Because we have previously rejected a free-exercise challenge to a no-beard policy similar to the one Ashelman is challenging, Ashelman is not likely to succeed on the merits of his claim challenging defendants' no-beard policy. See Friedman v. Arizona, 912 F.2d 328, 331-32 (9th Cir.1990).
 
 
 6
 Because prison officials may restrict prisoners from keeping religious items in their cells, Ashelman is unlikely to succeed on his claim that defendants have violated his free-exercise rights by not allowing him to have religious items in his personal possession or creating space for him to store religious items. See Ward v. Walsh, 1 F.3d 873, 879 (9th Cir.1992).
 
 
 7
 Because prison officials submitted evidence that Ashelman is allowed to fast and not report to work on the Sabbath and because Ashelman's evidence was unclear as to whether he was not allowed to observe the Sabbath at all or whether prison officials merely failed to provide formal services on the Sabbath, the district court did not err by concluding that Ashelman is not likely to prevail on the merits of this claim. See id. at 879-80.
 
 
 8
 Finally, Ashelman contends that defendants fail to provide (1) suitable religious publications in the prison library; (2) suitable religious programming on the prison's closed-circuit television system; and (3) an Orthodox Jewish rabbi. Because the prison has " 'no affirmative duty to provide each inmate with the spiritual [resources] of his choice,' " Ashelman is not likely to succeed on the merits of these claims. See id. at 880 (quoting Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972)).
 
 
 9
 Accordingly, the district court did not abuse its discretion by denying Ashelman's motion for a preliminary injunction. See Oakland Chronicle, 762 F.2d at 1376.
 
 
 10
 We reject Ashelman's remaining contentions as wholly without merit and deny all pending motions.
 
 AFFIRMED.[1]
 
 
 **
 Because the panel panel unanimously finds this case suitable for decision without oral argument, we deny Ashelman's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal