129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
yron Joseph SWAN, Plaintiff-Appellee,
v.
George SMITH, Warden, California State Prison, Corcoran;
Miley; Barton, Defendants-Appellants.
 No. 97-15421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-94-06010-GEB/HGB; Garland E. Burrell, District Judge.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prison officials Smith, Miley, and Barton ("defendants"), appeal interlocutorily the district court's order denying their motion for summary judgment on qualified immunity grounds in this 42 U.S.C. § 1983 action brought by California state prisoner Byron Joseph Swan. Swan, a Native American, alleged that his constitutional rights were violated when he and other close custody inmates were not allowed to attend sweat lodge ceremonies and were subjected to cell searches during which religious items were confiscated. We review de novo, see Blueford v. Prunty, 108 F.3d 251, 253 (9th Cir.1997), and we vacate and remand.
 
 
 3
 Although "we have jurisdiction to review the district court's decision that the defendants' alleged conduct violated clearly established law," Armendariz v. Penman, 75 F.3d 1311, 1317 (9th Cir.1996) (en banc), we lack "jurisdiction over questions about whether or not a record demonstrates a genuine issue of fact for trial." Chateaubriand v. Gaspard, 97 F.3d 1218, 1223 (9th Cir.1996) (internal quotations omitted). Thus, "[t]he only appealable issue is a purely legal one: whether the facts alleged ... support a claim of violation of clearly established law." Id. at 1221 (internal quotations omitted)
 
 
 4
 In denying defendants' motion for summary judgment on qualified immunity grounds, the district court applied the Religious Freedom and Restoration Act. The Supreme Court, however, recently held that the Religious Freedom Restoration Act is unconstitutional because it exceeds Congress' power. See City of Boerne v. Flores, 117 S.Ct. 2157, 2171 (1997). Accordingly, the claims alleging violations of a prisoner's First Amendment right to the free exercise of religion are to be reviewed under the standards set forth in O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) and Turner v. Safley, 482 U.S. 78, 89 (1987). See Anderson v. Angelone, 123 F.3d 1197 (9th Cir.1997); see also Allen v. Toombs, 827 F.2d § 63, 567 (9th Cir.1987) (pre-RFRA case analyzing claim regarding access to sweat lodges under Turner and O'Lone ). We therefore vacate the district court's order and remand the matter for reconsideration in light of Flores.
 
 VACATED and REMANDED with instructions.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellee's motion for sanctions is denied