NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAINE ANTON CRAWLEY, Plaintiff - Appellee, v. BRIAN WILLIAMS; ROBERT SUWE; KODY HOLLOWAY; RICHARD ASHCRAFT; ROBERT ROBISON; OLSEN; CHARLES DANIEL, Defendants - Appellants. | No. 24-5999 D.C. No. 3:22-cv-00530-CSD MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding

Argued and Submitted November 21, 2025
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

Nevada Department of Corrections ("NDOC") employees Richard Ashcraft,

Kody Hollaway, Robert Robison, Robert Suwe, and Brian Williams ("appellants")

appeal the district court's denial of qualified immunity and grant of summary

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment in favor of Daine Crawley ("Crawley"), an individual incarcerated in an NDOC facility. We have jurisdiction under 28 U.S.C. § 1291 based on the denial of qualified immunity. *See Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003). We affirm in part and reverse in part.

We review a grant of summary judgment de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (citing *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011)). We also review a district court's determination as to qualified immunity de novo. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021) (citing *Thompson v. Mahre*, 110 F.3d 716, 721 (9th Cir. 1997)).

1. Appellants contend that Crawley's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and argue that it is subject to mandatory dismissal under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(ii). We disagree.

Appellants did not raise their *Heck* arguments in their opening brief, nor did they do so before the district court.[1] And critically, appellants affirmatively invoked this federal suit to obtain dismissal of Crawley's parallel proceedings in

---

[1] We generally do not consider arguments that a party did not raise before the district court and raised for the first time in a reply brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). But the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), warrants consideration of this issue. *See Anderson v. Angelone*, 123 F.3d 1197, 1199 (9th Cir. 1997).

Nevada state court. In state court, appellants asserted claim preclusion based on the district court's entry of summary judgment in this suit and represented that "[e]ither [the state or the federal] forum could provide the rule [of] decision on the merits and either forum could adequately protect the rights of the federal litigants." The state court agreed and terminated the state proceedings.

By affirmatively using this federal case to obtain a benefit in Crawley's state court case, appellants waived their *Heck* arguments in this forum. *See Caterpillar Tractor Co. v. Collins Mach. Co.*, 286 F.2d 446, 451–52 (9th Cir. 1960) ("Waiver is an intentional and voluntary relinquishment of a known right . . . [that] may be manifested by actions . . . inconsistent with any other intention than to waive." (citation omitted)). Although forfeiture can be excused by a court, waiver cannot. *See Wood v. Milyard*, 566 U.S. 463, 472–73 (2012) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)). Our decision in *Hebrard v. Nofziger*, 90 F.4th 1000 (9th Cir. 2024), does not control this case. *Hebrard* involved forfeiture, not waiver, and indeed, specifically distinguishes the two. *Id.* at 1006.

2. Turning to the merits, we affirm the district court's grant of summary judgment against Ashcraft, Hollaway, Robison, and Suwe for violating Crawley's procedural due process rights by denying him access to the evidence used against him at the November 10, 2021, and December 15, 2021, hearings. We reverse as to Williams.

24-5999

Courts conduct a two-pronged analysis to determine whether a defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). One prong considers whether a defendant's actions violated a plaintiff's constitutional rights, while the other assesses whether the right at issue was clearly established. *Id.* A court may analyze either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A right is clearly established if it would be "clear to a reasonable [prison official] that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

We disagree with the district court that Williams violated clearly established law in denying Crawley's grievance. Although we have previously found that certain prison officials have violated prisoners' constitutional rights by denying grievances, this has generally been in situations factually distinct from those here and involving different rights. *See, e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1069–70 (9th Cir. 2014) (reversing grant of summary judgment on an Eighth Amendment claim for inadequate medical care for doctor who denied grievance seeking medical care). We therefore reverse the district court's denial of qualified immunity for Williams and its grant of summary judgment against him.

As to the remaining appellants, incarcerated individuals are entitled to certain procedural due process protections when a prison disciplinary proceeding implicates a protected liberty interest. *Melnik v. Dzurenda*, 14 F.4th 981, 985 (9th

Cir. 2021) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–72 (1974)). Crawley testified that he was sanctioned at both disciplinary hearings with the loss of his good time credits. An incarcerated individual has a protected liberty interest in their good time credits where, as here, they have a statutory right to the credits. *See* Nev. Rev. Stat. § 209.4465(7)(a) (providing that credits earned "[m]ust be deducted from the maximum term or the maximum aggregate term imposed by the sentence"); Nev. Rev. Stat. § 209.451 (limiting circumstances under which an incarcerated person forfeits their good time credits); *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995); *Wolff*, 418 U.S. at 557; *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989).

Among the due process rights afforded an incarcerated individual in a prison disciplinary hearing is the right to "present documentary evidence in his defense." *Wolff*, 418 U.S. at 566; *Ashker v. Newsom*, 81 F.4th 863, 878 (9th Cir. 2023). In *Melnik v. Dzurenda*, we held that this right "necessarily" includes the right to know about and examine evidence to be used against an individual at the hearing. 14 F.4th at 985–87. At both hearings, Crawley was denied access to evidence used against him, which appellants asserted was "confidential" or "in camera" information. "The mere label 'confidential' attached by prison officials without logical foundation cannot be used to prohibit a prisoner from accessing evidence to be used in a disciplinary hearing." *Id.* at 987. Appellants did not provide an

explanation, either in the administrative record or during this litigation, for why the evidence used against Crawley at both hearings was confidential or why Crawley could not access it.[2]  This violated Crawley's procedural due process rights under *Melnik*.  *Id.* at 986–88.

We are unpersuaded by appellants' argument that Hollaway, Robison, and Suwe did not personally participate in the violations of Crawley's rights because they were not members of the disciplinary committees that revoked Crawley's good time credits.  Each of these appellants took affirmative actions that prevented Crawley from accessing the evidence used against him at the disciplinary hearings and thereby personally participated in the underlying violations.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The right to access documentary evidence under *Melnik* necessarily extends beyond the hearing itself because an incarcerated person must be able to prepare a defense *before* the hearing.  14 F.4th at 985–86.

Finally, because Crawley's right to access the evidence used against him was

_____

[2] Appellants argue that *Melnik* only recognizes a right to access exculpatory evidence.  We did not limit our holding in *Melnik* in this way.  In fact, we stated the opposite, and noted that the value of accessing documentary evidence for an incarcerated person facing a disciplinary hearing lies in the fact that the evidence "*may* prove exculpatory" and that it could "lead the prisoner to other evidence or witnesses" or "corroborate a prisoner's version of events."  *Melnik*, 14 F.4th at 986 (emphasis added).

clearly established law under *Melnik* at the time of the hearings, Ashcraft, Suwe, Robison, and Hollaway are not entitled to qualified immunity.  We therefore affirm the district court's grant of summary judgment for Crawley against them.

3. We also affirm the district court's grant of summary judgment for Crawley on the basis that the disciplinary sanction entered at the December 15, 2021, hearing was not supported by "some evidence."  Due process requires that a prison disciplinary board's decision to deprive an individual of good time credits is supported by "some evidence in the record."  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  The question for a reviewing court is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (citing *Hill*, 472 U.S. at 455–56) (emphasis omitted); *see also Ashker*, 81 F.4th at 884.

Here, there is no record evidence to support the disciplinary committee's sanction.  Although the disciplinary hearing summary indicates that the disciplinary committee based its decision on "the evidence provided in the offence report, in-camera evidence and the inmate plea of not guilty," neither the report nor the in camera evidence are before the court.  Because there is no evidence in the record to support the disciplinary committee's conclusion—in violation of *Hill*— we affirm the district court's grant of summary judgment for Crawley on this

ground. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1105–06 (9th Cir. 1986) (noting that a court should look to the record to examine whether there is "'some evidence' in support of each challenged" disciplinary sanction), *overruled in part on other grounds by*, *Sandin*, 515 U.S. 472; *see also Hill*, 472 U.S. at 455–57 (reasoning there must be some evidence "in the record" to support a sanction to ensure that the sanction is not "without support or otherwise arbitrary").

**AFFIRMED in part; REVERSED in part; REMANDED.**[3]

---

[3] The parties shall bear their own costs on appeal.