**Ras Adisa Gamba OLUWA,**
**Plaintiff–Appellee,**

v.

**James H. GOMEZ, Dir Dept of Corr;**
**Charles D. Marshall, Warden,**
**Defendants–Appellants.**

**No. 96–17108.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 1997. *

Decided Jan. 14, 1998.

Allen R. Crown, Deputy Attorney General, San Francisco, California, for defendants-appellants.

Ras Adisa Gamba Oluwa, Pelican Bay State Prison, Crescent City, California, plaintiff-appellee, appearing pro se.

Before: D. W. NELSON and TASHIMA, Circuit Judges, and ZILLY, District Judge.**

---

* The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.

** The Honorable Thomas Zilly, United States District Judge for the Western District of Washington, sitting by designation.

TASHIMA, Circuit Judge:

Defendants James H. Gomez and Charles D. Marshall ("defendants") appeal from an order of summary judgment granted *sua sponte* by the district court ordering them to provide plaintiff Ras Adisa Gamba Oluwa ("Oluwa") with a diet of adequate nourishment that is vegetarian, non-dairy, and contains no grapes or other products derived from a grapevine. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

## I. BACKGROUND

Oluwa is a prisoner at Pelican Bay State Prison at Crescent City, California. He filed a civil rights complaint under 42 U.S.C. § 1983 against the Director of the California Department Corrections and the Warden of Pelican Bay alleging that they violated his constitutional rights by refusing to honor his religiously-mandated diet. Oluwa claims to be a "Nazarite Disciple" of Jesus Christ Messiah and as such is prohibited by the Bible from eating anything containing "dairy products, animal flesh, things that grow on vines (grapes or raisins, melons, cucumbers, squash, etc.), and poultry products."

After Oluwa first made a request for a special diet, a Correctional Counselor informed him that in order to process his request for a religious diet, Oluwa needed to contact the chaplain so that the chaplain could determine the nature of Oluwa's religious affiliation and special needs. Oluwa was interviewed by a prison chaplain and was asked to identify the group to which he was affiliated. Oluwa responded that he was a "Nazarite Disciple." When asked if there were others in this group, he responded, "Adam and Eve." Oluwa gave no indication to the chaplain that he was part of any recognized religious group.[1] Oluwa later initiated this action.

The defendants moved for summary judgment on the grounds that, *inter alia*, Oluwa's claimed beliefs as a "Nazarite Disciple" did not qualify for First Amendment protection. Oluwa opposed this motion on the ground that as a "Nazarite Disciple" he was entitled to accommodation of his religious diet under the First Amendment. After defendants filed their reply brief in which they recited their efforts to determine whether, as a "Nazarite Disciple," Oluwa was part of any recognized religious group, Oluwa filed an "Information" in which he asserted for the first time that he was a member of the Rastafarian faith.

Thereafter, the Magistrate Judge recommended that summary judgment be granted to defendants. The Magistrate Judge's report found that Oluwa's Rastafarian claim was completely new and that his supporting evidence regarding the Rastafarian faith made no mention of a vegetarian diet as strict as that demanded by him. Oluwa filed objections to the Magistrate Judge's report and recommendations. The district court granted defendants' motion for summary judgment as to Oluwa's claim for section 1983 damages, but denied defendants' motion as to Oluwa's claim for injunctive relief. It then *sua sponte* granted summary judgment for Oluwa, based on its determination that Oluwa's claims concerning his Nazarite and Rastafarian beliefs were not mutually exclusive. The district court held that Rastafarianism qualifies for First Amendment protection and that Oluwa was sincere in his religious belief, discounting the Magistrate Judge's finding that Oluwa changed his religious affiliation in midstream. It held that, as a Rastafarian, Oluwa was entitled to a special diet and ordered defendants to provide Oluwa with a diet of adequate nourishment which is vegetarian, non-dairy, and contains no grapes or other products derived from a grapevine. Defendants appealed.

## II. DISCUSSION

### A. *Sua Sponte* Grant of Summary Judgment

We review a grant of summary judgment de novo. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997).

■■■ Defendants contend that the district court erred in granting summary judg-

---

1. Oluwa also submitted two requests to the Pelican Bay food manager for a special diet on the ground that he was a devout "Nazarite Disciple."

ment for Oluwa *sua sponte* without giving them an opportunity to present any evidence on the new issue raised by Oluwa in his "Information." They are correct. *Sua sponte* summary judgment is only appropriate if the losing party has "reasonable notice that the sufficiency of his or her claim will be in issue." *Buckingham v. United States,* 998 F.2d 735, 742 (9th Cir.1993). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Id.* (citations omitted). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (sua sponte summary judgment appropriate only where losing party is on notice that she had to come forward with all of her evidence).

Here, defendants had no notice of Oluwa's claim to be a Rastafarian until after all of the briefing on their motion for summary judgment had been completed. They had no notice that they would have to come forward with evidence challenging Oluwa's claim of belonging to the Rastafarian religion or the diet required by that religion. Therefore, it was error to grant summary judgment *sua sponte* against defendants. *See Celotex,* 477 U.S. at 326, 106 S.Ct. at 2554.

### B. Prison Litigation Reform Act

■ Defendants next contend that the district court erred in granting summary judgment for Oluwa without making any findings required by the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"). The PLRA restricts the power of the court to grant prospective relief regarding any civil action respecting prison conditions. *See* 18 U.S.C. § 3626(a). Under the PLRA, "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). We interpret the statute to mean just what it says-before granting prospective injunctive relief, the trial court must make the findings man-

dated by the PLRA. In doing so, the court is also required to give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

In granting summary judgment *sua sponte* for Oluwa, the district court did not make any of the findings required by the PLRA. If section 3626 applies to this case, the district court did not comply with its mandate. We must, therefore, decide whether section 3626 applies to cases such as Oluwa's which were pending when the PLRA was enacted.[2]

The analysis for determining whether a statute applies retroactively is set forth in the Supreme Court's decision in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In *Landgraf,* the Court created a two-step inquiry for determining whether to apply a statute to pending cases. *See SEC v. Fehn,* 97 F.3d 1276, 1285 (9th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 59, 139 L.Ed.2d 22 (1997) (citing *Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505). First, the court must determine "whether Congress has expressly prescribed the statute's proper reach." *Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505; *Fehn,* 97 F.3d at 1285. If Congress has done so, no further analysis is required and the court will "simply apply the terms of the statute." *Duldulao v. INS,* 90 F.3d 396, 398 (9th Cir.1996); *see also Landgraf,* 511 U.S. at 260, 114 S.Ct. at 1494; *Fehn,* 97 F.3d at 1285. If the first step is not met, the court should then proceed to analyze whether the statute has an impermissible retroactive effect, "*i.e.,* whether it would impair a right a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505. *See Marks v. Solcum,* 98 F.3d 494, 496 (9th Cir.1996) (interpreting new 28 U.S.C. § 1915(e)(2) under the *Landgraf* test). We proceed to analyze section 3626 under the above rubric.

**2.** Oluwa filed this lawsuit on June 24, 1994. Section 3626 was enacted on April 26, 1996, and became effective on that date. *See* Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, Tit. VIII, § 802(b)(1), 1996 U.S.C.C.A.N. (110 Stat.) 1321, 1321–66, 1321–70.

Congress expressly prescribed section 3626's proper reach. *See Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505; *Fehn,* 97 F.3d at 1285. It stated that "[s]ection 3626 of title 18, United States Code, as amended by this section, shall apply with respect to all prospective relief whether such relief was originally granted or approved before, on, or after the date of the enactment of this title." Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, Tit. VIII, § 802(b)(1), 1996 U.S.C.C.A.N. (110 Stat.) 1321–66, 1321–70; *see* 18 U.S.C. § 3626 Note. This language clearly states Congress' intent to apply section 3626 retroactively to pending cases. *See Wright v. Morris,* 111 F.3d 414, 418 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, —— L.Ed.2d —— (1997) (declaring that the PLRA specifically states that § 3626 shall apply to pending actions). In contrast, when we were called upon to determine whether the PLRA's amendment to proceedings in forma pauperis applies to pending cases, we were faced with the absence of an express command by Congress. *See Marks,* 98 F.3d at 496 (concluding that new 28 U.S.C. § 1915(e)(2) does not have an impermissible retroactive effect under *Landgraf*). Because we determine that Congress explicitly prescribed section 3626's reach to include pending cases, we need not proceed to the second step of the *Landgraf* inquiry. *See Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505; *Fehn,* 97 F.3d at 1285.

Applying the terms of section 3626 to this case, we find that the district court erred in ordering prospective relief for Oluwa without finding that such relief was narrowly drawn, extended no further than necessary to correct the violation of the right, and was the least intrusive means necessary to correct the violation of the right. *See* 18 U.S.C. § 3626(a)(1). Accordingly, we hold that the district court erred in granting summary judgment against defendants without complying with the PLRA.[3]

### III. CONCLUSION

We reverse the grant of summary judgment and remand this case to the district court so that defendants may have the oppor-

tunity to respond to Oluwa's assertion that he is a Rastafarian and, as such, is entitled to a special diet. If, after giving the defendants an opportunity to respond to this evidence, the district court concludes that defendants violated Oluwa's constitutional rights, it must then consider the appropriate relief in light of the PLRA.

**REVERSED and REMANDED.**

---

3. We need not decide in this case whether a failure to comply with the PLRA can be harmless error under Fed.R.Civ.P. 61 because we must, in any event, reverse the judgment under our analysis in Part II.A, above.