Ernest **FENELON**, Plaintiff—Appellant,

and

C. Thompson; Lamont Williams; Kenneth Baker; Rene' Thomas Moore; C. Brooks; Dale Morris; R. Jackson; Gary Martin; Norman Hall, Plaintiffs,

v.

G. **RIDDLE**, Supervisor of Academic Instructions; B.L. Houston, Associate Warden; M.T. Pickett, Warden; James Gomez; Ana M. Olivarez, individually and in her official capacity as Warden of the California Medical Facility Prison of the California Department of Corrections, Defendants—Appellees.

Ernest Fenelon, Plaintiff—Appellee,

v.

G. Riddle, Supervisor of Academic Instructions; B.L. Houston, Associate Warden; M.T. Pickett, Warden; Ana M. Olivarez, individually and in her official capacity as Warden of the California Medical Facility Prison of the California Department of Corrections; C.A. Terhune, Defendants—Appellants.

No. 00–16247.

D.C. No. CV–95–00954–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Feb. 7, 2002.

Before HAWKINS, TASHIMA, Circuit Judges, and WILKEN,* District Judge.

### MEMORANDUM **

■ As a preliminary matter, we find Fenelon has standing to bring this action. The voluntary cessation of an unlawful practice by the state does not moot a plaintiff's claim absent a showing that violations could not reasonably be expected to recur. *Friends of the Earth v. Laidlaw Envtl. Serv.*, 528 U.S. 167, 193, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). In the proceedings below, Fenelon alleged that his First Amendment rights require the prison in which he is incarcerated to permit him to attend the weekly Jumu'ah service for Muslims and that this time spent at service should count toward reducing his sentence as part of California's Work Incentive Program. We reverse the district court's grant of summary judgment to Fenelon and vacate the permanent injunction based on that grant.

■ The prison regulation at issue allowed excused time off (ETO) for special

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

religious functions other than routine services. The district court interpreted the weekly service of Jumu'ah as a special, not routine religious function, and therefore attendance at Jumu'ah as eligible for ETO. In apparent obeisance to the canon of constitutional avoidance, the district court ruled in this fashion to avoid the constitutional quandary that would arise if Jumu'ah were viewed as "a routine religious function." However, we find the district court's reading too strained to render tenable this instance of constitutional avoidance. Moreover, because we determine that the injunction below was entered without the specific findings required by the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1), we vacate the injunction and remand this matter to the district court for reconsideration.[1]

Fenelon also alleged below that the prison violated his rights by not allowing him to attend Jumu'ah even at lunch, in which case there would be no need for ETO. The district court, however, did not reach this question, having relied on the ETO ground, even though the prison had a successful past experience of allowing this practice. The district court should explore this question on remand. If it finds for Fenelon, it should fashion relief in concordance with the PLRA requirements. The district court should also consider the impact of any intervening changes in the law, including the Religious Land Use and Institutionalized Persons Act of 2000, Pub.L. No. 106–274, 114 Stat. 803, codified as 42 U.S.C. § 2000 *et seq.*, on Fenelon's claims.

REVERSED and REMANDED. Each party shall bear its own costs on appeal.

---

1. The PLRA requires that "[t]he court shall not grant or approve any prospective relief [with respect to prison conditions] unless the court *finds* that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1) (emphasis added); *see also Olu-*

*wa v. Gomez,* 133 F.3d 1237, 1239 (9th Cir. 1998) ("We interpret the statute to mean just what it says-before granting prospective injunctive relief, the trial court must make the findings mandated by the PLRA.").

