**Randall O. CHANG, Plaintiff—Appellant,**

v.

**KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; et al., Defendants—Appellees.**

No. 02–15568.

D.C. No. CV–00–00302–HG/BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 20, 2003.

Ronald G.S. Au, Esq., Attorney at Law, Honolulu, HI, for Plaintiff–Appellant.

Robert S. Katz, Esq., Clayton A. Kamida, Torkildson Katz Fonseca Jaffe Moore & Hetherington, Honolulu, HI, for Defendants–Appellees.

Before BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Randall Chang appeals the district court's grant of summary judgment on his claims against Kamehameha Schools Bernice Pauahi Bishop Estate, its Trustee Robert Kihune, and its former Chief Operating Officer Nathan Aipa. He alleges that the Defendants created a hostile workplace, eliminated his job as General Manager of the Asset Management Group and failed to continue his employment on account of his national origin and in retaliation against his opposition to what he perceived to be the Estate's preferential treatment of Hawaiian and part-Hawaiian employees.

Before addressing Chang's substantive claims, we deal with three procedural issues. First, we find that Chang filed a timely appeal. The district court properly treated Chang's post-judgment motion as a motion to alter and amend a judgment under Fed.R.Civ.P. 59(e), which extends the deadline for appeals. *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir.2001).

Second, the district court did not err in dismissing Chang's second amended complaint, which merely provided further description of incidents enumerated in his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

first amended complaint. *See Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir.1998). Chang incorporated these additional details into his response to the Defendants' motion for summary judgment, which he submitted after he filed his second amended complaint.

Third, the district court did not abuse its discretion in denying Chang's motion to compel production of the Trustees' executive session minutes. Chang fails to offer any basis for overturning the district court's determination that the Defendants produced all non-privileged documents that were relevant and responsive. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir.2002).

## I.

█ Moving on to the disparate treatment claim, we affirm the district court's grant of summary judgment because we find that, viewing the evidence in the light most favorable to Chang, there is no genuine issue of fact as to whether the Estate's reorganization of its asset management staff and its failure to continue his employment constituted a pretext for disparate treatment on account of his national origin. *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123–24 (9th Cir.2000). Despite Chang's allegations that the Estate treated other employees whose jobs were reorganized more favorably by attempting to find them other jobs, there is evidence that the Trustees did consider alternative positions within the organization for Chang.

We also affirm the district court's grant of summary judgment on Chang's claims that the Estate created a hostile work environment. We do not need to consider in detail the allegedly abusive incidents that Chang raises because he failed to create a genuine issue of material fact that he was targeted on account of his national origin. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998).

## II.

█ We also affirm the district court determination that Chang failed to exhaust his administrative remedies on his claim of retaliatory harassment and termination. It is undisputed that the box labeled "retaliation" was not checked when Chang filed his charge of discrimination with the Hawaii Civil Rights Commission. It is also undisputed that the form did not include information pertaining to Chang's opposition to the Estate's alleged preferences for Hawaiian employees. Moreover, his retaliation claim is not "like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Nor is it "consistent with [his] original theory of the case." *Id.*

Change urges that we look to his Pre–Complaint Questionnaire. Although we are only authorized to do so if the form was filled out by an agency representative who was negligent in recording his theory of the case, we do not have to analyze the investigator's actions in detail because the Pre–Complaint Questionnaire does not provide information that would raise a genuine issue of fact as to Chang's retaliation claim. *B.K.B.*, 276 F.3d at 1101–02. The Pre–Complaint Questionnaire does refer to a claim of retaliation, but this claim is different from the one that Chang raises on appeal. In an earlier decision that Chang does not contest here, the district court dismissed his claim that the Estate retaliated against him for his state court testimony in support of the former Trustees. It is this claim to which the Pre–Complaint Questionnaire is addressed.

## III.

Because we affirm the district court's grant of summary judgment on Chang's

hostile work environment, retaliation, and disparate treatment claims against the Estate, we hold that it did not err by dismissing Chang's claims against Robert Kipune and Nathan Aipa, individually, for discrimination under Haw.Rev.Stat. § 378–2. We need not decide here whether Hawaii discrimination laws would render an employee individually liable for discrimination.

The final issue before us is Chang's claim against the Estate for breach of contract based on a theory of promissory estoppel. This claim fails due to the parol evidence rule. This rule bars consideration of alleged promises that the Estate would employ Chang until he retired because he subsequently signed written agreements indicating that he was an at-will employee. *See State Farm Fire & Cas. Co. v. Pacific Rent–All, Inc.*, 90 Hawai'i 315, 978 P.2d 753, 762 (1999).

For the reasons set forth herein, we AFFIRM the district court's decision.