Danny Santos ZAMORA,
Plaintiff—Appellant,

v.

Alan Hedger SMITH, Deputy Sheriff
# 1116 sued in individual & official
capacity; Kenneth Weiderhold, Depu-
ty Sheriff # 1086 sued in individual &
official capacity, Defendants—Appel-
lees.

No. 05–15622.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Feb. 20, 2008.

Danny Santos Zamora, Arizona State Prison Complex, Buckeye, AZ, for Plaintiff–Appellant.

Joseph I. Vigil, Esq., Maricopa County Attorney's Office Division Of County Counsel, Phoenix, AZ, for Defendant–Appellee.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

---

# MEMORANDUM *

Danny Zamora filed a civil claim against two sheriff deputies, alleging the deputies illegally entered his parents' home and used excessive force while arresting him. The deputies moved for summary judgment, and the district court granted summary judgment in favor of the deputies on the illegal search claim. The excessive force claim went to trial and resulted in a verdict for the deputies.

Zamora appeals the district court's summary judgment on the illegal search claim and the jury verdict on the excessive force claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a summary judgment grant *de novo. Humanitarian Law Project v. Mukasey,* 509 F.3d 1122, 1130 (9th Cir. 2007). On appeal, Zamora contends he suffered two Fourth Amendment violations. First, Zamora contends his Fourth Amendment rights were violated when the deputies entered his parents' house and arrested him. Second, Zamora contends his rights were violated when the deputies re-entered the house and searched for a shotgun after Zamora had been arrested. Zamora raises the second allegation for the first time on appeal.

Generally, we do not decide an issue raised for the first time on appeal. *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996). An issue only can be considered for the first time on appeal "(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *Comty. House, Inc. v. City of Boise,* 490 F.3d 1041, 1053 (9th

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2007) (citing *Kimes,* 84 F.3d at 1126). None of the three narrow circumstances is present in Zamora's case. Accordingly, we will not consider Zamora's claim that his Fourth Amendment rights were violated by any search of his parents' home after he was arrested.

■ With respect to Zamora's claim that his Fourth Amendment rights were violated when the deputies entered his parents' house and arrested him, Zamora contends the district court improperly granted summary judgment on this claim *sua sponte.*

"*Sua sponte* summary judgment only is appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'" *Oluwa v. Gomez,* 133 F.3d 1237, 1239 (9th Cir.1998) (quoting *Buckingham v. United States,* 998 F.2d 735, 742 (9th Cir.1993)). Reasonable notice implies there was adequate time to develop facts that would be used to oppose summary judgment. *Id.*

Here, the deputies moved for summary judgment. Although the deputies did not explicitly raise the illegal entry issue in their motion, Zamora discussed issues and facts relevant to the claim in his opposing summary judgment. Zamora included affidavits from both of his parents stating they gave the deputies permission to enter their home and remove their son. We conclude the issue of Zamora's illegal entry claim was properly before the district court, and the district court did not grant summary judgment *sua sponte.*

■ We now turn to the question of whether the district court properly granted summary judgment on the illegal entry claim. Summary judgment is proper if the claim involves no genuine issues of material fact and the moving party is entitled to judgment as matter of law. Fed.R.Civ.P. 56(c); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 360–61 (9th Cir.2005).

In *Georgia v. Randolph,* the U.S. Supreme Court recently stated, "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant...." 547 U.S. 103, 106, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006) (citing *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)). Here, Zamora's parents, the owners and residents of the home, gave the deputies permission to enter their home and remove Zamora. This fact is undisputed and makes the deputies' entry into the home valid as a matter of law. Thus, we conclude the district court properly granted summary judgment in favor of the deputies on the illegal entry claim. *See id.*

Zamora challenges the jury verdict in favor of the deputies on his excessive force claim on the grounds that (1) the district court improperly instructed the jury; (2) Zamora was unable to obtain crucial evidence, specifically the county's "use of force" policy; (3) the court refused to compel the appearance of Sheriff's Department witnesses; and (4) the court improperly denied Zamora the appointment of counsel.

Generally, a district court's formulation of jury instructions is reviewed for an abuse of discretion. *See United States v. Shipsey,* 363 F.3d 962, 966 n. 3 (9th Cir. 2004); *United States v. Garcia–Rivera,* 353 F.3d 788, 791–92 (9th Cir.2003) ("In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation."); *United States v. Hicks,* 217 F.3d 1038, 1045 (9th

Cir.2000) ("The trial court has substantial latitude so long as its instructions fairly and adequately cover the issues presented.").

Here, the district court's instruction on excessive force fairly and adequately explained the legal requirements of an excessive force claim. The instruction did not set forth all of the factors Zamora contends should have been in the instruction, but the instruction did direct the jury to consider the "totality of the circumstances" at the time of the arrest. Accordingly, we conclude the district court properly instructed the jury on excessive force.

■ Zamora contends the fairness of his trial was impaired because he was unfairly denied access to the Sheriff's Office "use of force" policy. Zamora requested the policy over fifteen months after the close of discovery. The district court denied Zamora's motion to compel production of the policy.

A district court's discovery rulings are reviewed for an abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir.2004). "Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir.2000). Here, the district court had a reasonable justification for denying Zamora's motion to compel the production of the policy, and we conclude the district court did not abuse its discretion.

■ Zamora contends he suffered substantial prejudice from the district court's denial of his request that the court compel the appearance at trial of Sheriff's Department witnesses. Evidentiary rulings are also reviewed for an abuse of discretion

(*Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004)), and a trial court abuses its discretion "only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman*, 211 F.3d at 1175.

Here, Zamora could not pay witness and mileage fees but wanted the court to compel the appearance of witnesses despite his inability to pay. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive payment of fees or expenses for witnesses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Accordingly, the district court had a reasonable justification for denying Zamora's request and we conclude the district court did not abuse its discretion.

■ Zamora's final contention is that the district court abused its discretion in declining to appoint counsel for Zamora. The district court's refusal to appoint counsel in a civil case is reviewed for an abuse of discretion. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998).

Generally, a person has no right to counsel in civil actions. *See id.*; *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir.1982). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.2004). To determine whether "exceptional circumstances" exist, a court must consider the litigant's likelihood of success on the merits as well as the ability of the litigant to articulate his claims *pro se* in light of the complexity of the legal issues involved in the case. *Id.*; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

The record reflects the district court adequately reviewed Zamora's motions for the appointment of counsel, and we conclude the district court did not abuse its discretion in denying Zamora's motions for the appointment of counsel.

**AFFIRMED.**