MEMORANDUM *
Plaintiffs-Appellants Tracy and Daw-nelle Tang (“Tangs”) appeal the grant of *661 summary judgment to Defendant-Appel-lees Allstate Insurance Company, and one granting summary judgment to Defendant-Appellee Hoechst Celanese (“Cela-nese”). We affirm.
I. Allstate
A. Bad Faith
1. The district court granted summary judgment to Allstate on the Tangs’ bad faith cause of action sua sponte. At oral argument before the pan el, counsel for the Tangs stated that the factual record had been sufficiently developed on the issue of Allstate’s bad faith, that remand to the district court for further development of the record was unnecessary, and that this Court should review the district court’s decision de novo based on the current record. See also Appellants’ Reply Brief (noting that “am[p]le evidence exists [in the current record] that Allstate has acted in bad faith”). These representations indicate that the Tangs had “adequate time to develop the facts on which [they] will depend to oppose summary judgment,” Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir.1998). The district court’s sua sponte consideration of summary judgment on the bad faith issue was therefore proper.
2. We review the grant of summary judgment de novo. See Qwest Comm’ns, Inc. v. Berkeley, 433 F.3d 1253, 1256 (9th Cir.2006). To establish the tort of insurance bad faith under Arizona law, a plaintiff must show (1) that the defendant-insurer handled her claim in an objectively unreasonable manner, and (2) that the insurer subjectively knew that its conduct was unreasonable. See Zilisch v. State Farm Mutual Auto. Ins. Co., 196 Ariz. 234, 238, 995 P.2d 276 (Ariz.2000). “Mere negligence or inadvertence [on the part of the insurer] is not sufficient — the insurer must intend the act or omission and must form that intent without reasonable or fairly debatable grounds.” Rawlings v. Apodaca, 151 Ariz. 149, 160, 726 P.2d 565 (Ariz.1986).
According to the Tangs, the “crux” of their bad faith claim is the manner in which their insurance agent, Lim, handled their initial inquiry into possible coverage for the damage caused by the plumbing leaks. Assuming — but not deciding — that the actions of an insurance agent before the formal filing of a claim can constitute insurance bad faith, Lim’s action could not satisfy the bad faith standard. In response to the Tangs’ inquiry, Lim informed them that their policy did not cover water leaks and sent them excerpts from the policy that she believed demonstrated the lack of coverage. These actions were objectively reasonable, and the Tangs introduced no evidence, such as a copy of the policy at issue, that would indicate that Lim was wrong, much less that her answer was in bad faith. In addition, although the Tangs maintain that Lim failed to return a follow-up call, the failure to return a single voicemail message does not constitute objectively unreasonable behavior sufficient to establish bad faith.
The Tangs also failed to demonstrate that Allstate acted in an objectively unreasonable manner after it was contacted by the Tangs’ attorney in October 2002. The record shows that Allstate’s response consisted of two reasonable acts — opening a claim file shortly after receiving the letter from the Tangs’ attorney, and, soon thereafter, hiring a third-party to conduct an inspection of the Tangs’ property. There is no evidence that Allstate unreasonably delayed the processing of the Tangs’ claim, wholly failed to investigate *662 that claim, or unfairly refused to pay a meritorious claim. See Zilisch, 196 Ariz. at 238, 995 P.2d 276.
The Tangs argue that Allstate’s investigation of their claim was nonetheless unreasonable because Allstate did not conduct follow-up pressurized testing. The investigatory report produced by the third party that Allstate hired to investigate the Tangs’ home, however, confirmed that water damage in the Tangs’ bathrooms was caused by plumbing leaks. Given this confirmation, and the absence of any evidence indicating that such a confirmation was insufficient to resolve the question whether the damage was covered by the Tangs’ insurance policy, nothing in the record indicates that it was objectively unreasonable for Allstate to conclude that no further testing was required for its purposes.
The Tangs further assert that statements from their expert witness were alone sufficient to create an issue of material fact on the issue of bad faith. We disagree. In the absence of any objective evidence of unreasonable behavior by Allstate, the conclusory assertions of Tang’s expert, not supported by any specific evidence in the record, are not sufficient to create an issue of material fact on the issue of bad faith.
For all of the above reasons, we affirm the district court’s grant of summary judgment to Allstate on the bad faith issue.
B. Punitive Damages
The Tangs’ request for punitive damages necessarily fails as a result of our grant of summary judgment to Allstate on the Tangs’ bad faith claim. See Restatement (Second) of Torts § 908, comment c (“It is essential [to the recovery of punitive damages] that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action.”).
II. Celanese
We also affirm the district court’s grant of summary judgment to Celanese on the Tangs’ product liability and negligence causes of action. Although the Tangs introduced evidence sufficient to support a finding that at least some Celcon-based plumbing fittings were present in their home, they supplied no evidence that degraded plumbing fittings made from Cel-con caused the plumbing leaks that damaged their home. See, e.g., Robertson v. Sixpence Inns of America, Inc., 163 Ariz. 539, 546, 789 P.2d 1040 (1990) (holding that summary judgment is appropriate where the plaintiffs evidence “leav[es] causation to the jury’s speculation”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *661 by 9th Cir. R. 36-3.