**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGENCY OUTDOOR ADVERTISING, INC., a California corporation,, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> CITY OF LOS ANGELES CALIFORNIA, a municipal corporation; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES; CHRISTOPHER "KIP" RUDD, an individual sued herein in his official and personal capacities; OSCAR JAUREGUI, an individual sued herein in his official and personal capacities, <br><br>         Defendants - Appellees. | No. 08-55650 <br><br> D.C. No. 2:99-cv-10456-GHK-CT <br><br><br> MEMORANDUM [*] |
| REGENCY OUTDOOR ADVERTISING, INC., a California corporation,, <br><br>         Plaintiff - Appellee, <br><br>   v. <br><br> CITY OF LOS ANGELES CALIFORNIA, | No. 08-55721 <br><br> D.C. No. 2:99-cv-10456-GHK-CT |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

a municipal corporation; CHRISTOPHER "KIP" RUDD, an individual sued herein in his official and personal capacities; OSCAR JAUREGUI, an individual sued herein in his official and personal capacities,

Defendants,

and

COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES,

Defendant - Appellant.

REGENCY OUTDOOR ADVERTISING, INC., a California corporation,,

Plaintiff - Appellant,

v.

CITY OF LOS ANGELES CALIFORNIA, a municipal corporation; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES,

Defendants - Appellees.

No. 08-56414

D.C. No. 2:99-cv-10456-GHK-CT

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

2

Before:  GOULD, IKUTA and N.R. SMITH, Circuit Judges.

The district court erred in granting summary judgment in favor of the Community Redevelopment Agency of the City of Los Angeles (the "CRA") on the issue of lost profits because neither the CRA's motion for summary judgment on Regency's inverse condemnation claims, nor the district court's request for supplemental briefing on standing, gave Regency reasonable notice that the sufficiency of its claim for lost profits would be at issue.  *See Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998).

The district court's ruling that the Hollywood and Hoover redevelopment plans were unconstitutional because they vested unbridled discretion in the CRA did not entitle Regency to receive permits for its proposed billboards.  *See Desert Outdoor Adver., Inc. v. City of Oakland*, 506 F.3d 798, 808 (9th Cir. 2007). Therefore, the district court did not abuse its discretion in denying Regency's motion for such injunctive relief.  Nor did the district court abuse its discretion in denying Regency's motion to withdraw or amend its admission under Rule 36, because the district court's determination that the CRA would be prejudiced due to the significant passage of time was not "illogical, implausible, or without support

3

in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc); *see Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

The district court did not err when it granted summary judgment for Regency on its as-applied First Amendment challenge to the sign permit process for the Hollywood and Hoover areas. The CRA had no design specifications to guide its review of Regency's Hollywood billboard proposal. *See Desert Outdoor Adver., Inc. v. City of Moreno Valley*, 103 F.3d 814, 818–19 (9th Cir. 1996). The CRA's discretion in reviewing Regency's Hoover billboard proposal was not limited by the then applicable design specifications, and, therefore, its exercise of discretion also was not sufficiently cabined. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 772 (1988). Regency failed to raise a facial First Amendment challenge to the billboard permit process for the Mid-City, Pico-Union 1, Watts Corridor, and Wilshire Center/Koreatown redevelopment areas because "[t]he summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal." *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).

Because we vacate the district court's ruling on Regency's entitlement to lost profits, we also vacate the district court's calculation of attorneys' fees and

4

costs and remand for further proceedings consistent with this disposition. Each party will bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, AND REMANDED.**