**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NHIA KAO VANG, et al., | No. 13-16272 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-01226-MCE-AC |
| v. | |
| STEVEN DECKER, et al., | MEMORANDUM[*] |
| Defendants - Appellees | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Plaintiffs-Appellants ("Plaintiffs") are three Hmong married couples.  The

men ("Vang Plaintiffs") were charged with violating the Neutrality Act and other

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Page 1 of 5

offenses in connection with an alleged conspiracy to illegally procure and transfer military grade weapons to support a coup in Laos. Plaintiffs allege (1) civil rights violations pursuant to 42 U.S.C. § 1983; (2) constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (3) common law claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80; and (4) claims for declaratory and injunctive relief as a result of damages suffered during the government's prosecution of the Vang Plaintiffs in *United States v. Harrison Jack, et al.*, 2:07-cr-00266-KJM (E.D. Cal.). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our focus here is Plaintiffs' malicious prosecution claims. We review de novo the dismissal of these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). "To prove a [FTCA] claim of malicious prosecution in California, the plaintiff must prove that the underlying prosecution: '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989)); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (identical in

the § 1983 context); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying the same standard in the *Bivens* context, save for the replacement of a state actor with a federal actor). The entire action must terminate in a plaintiff's favor in order for a plaintiff to maintain a claim for malicious prosecution. *Crowley v. Katleman*, 881 P.2d 1083, 1094 (Cal. 1994). The district court concluded that Plaintiffs had not met their burden of showing that the prosecution terminated in their favor. Our precedent forecloses the district court's conclusion.

In order for a plaintiff to prove that the prosecution terminated in his favor, he "must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068 (citations omitted). "[A] dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." *Id*. Further,

> [w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, *a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt.*

*Id*. (emphasis added).

Plaintiffs' complaint plainly alleged misconduct in the underlying criminal

matter, namely, that Defendant Decker lied to prosecutors and the grand jury. The district court in that case dismissed a number of the counts in the indictment for failing to put the Vang Plaintiffs on notice of the charges against them. Thereafter, instead of refiling the dismissed counts in an amended or superseding indictment, the United States filed a motion—that the district court granted—to dismiss the surviving charges "in the interests of justice."

The allegations of misconduct and the subsequent motion of the United States to dismiss the prosecution in the interests of justice shifted the burden to the Defendants to show that the proceedings did not terminate as a result of Plaintiffs' innocence. *See id.* Defendants cannot simply hide behind the phrase "in the interests of justice" to prevent Plaintiffs from pursuing their malicious prosecution claims. Because the district court did not shift the burden to Defendants, we reverse the district court's judgment on the malicious prosecution claims brought against the United States under the FTCA, and against Defendant Decker pursuant to *Bivens*, and remand for further proceedings on those claims.

We affirm the district court's judgment dismissing Plaintiffs' other claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the same reasons stated in the district court's otherwise well-reasoned orders.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**. The parties

shall bear their own costs on appeal.