**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD REZEK, | No. 15-55320 |
| Plaintiff-Appellant, | D.C. No. 8:11-cv-01601-DOC-RNB |
| v. | |
| CITY OF TUSTIN, *et al.*, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
Central District of California
David O. Carter, District Judge

Argued and Submitted December 8, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA Circuit Judges.

Edward Rezek appeals from two district court orders: one dismissing his

third amended complaint (TAC) against IPC Corporation and private security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

guards Jose Reyes and Hirineo Ibarra (IPC Defendants), without leave to amend; and another granting summary judgment in favor of Tustin police officers Brian Chupp and Mark Turner (Tustin Defendants). Rezek alleges that while in a pedestrian crosswalk, he was almost hit by a private security vehicle driven by Jose Reyes. Rezek "slapped" the vehicle and "gave Reyes a lecture." Later, Rezek was arrested by Officers Chupp and Turner for vandalizing the security vehicle and for resisting arrest. Rezek alleges that the police officers used excessive force, that he did not resist arrest, and that the defendants conspired to violate his rights. Rezek brought various tort claims against defendants based upon these allegations. In an intervening criminal trial, Rezek was convicted of vandalism, but acquitted of resisting arrest.

The district court dismissed all claims against the IPC Defendants for failure to state a claim for relief, based upon the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Subsequently, the district court issued an order which granted summary judgment in favor of the Tustin Defendants as to Rezek's malicious prosecution claim against them under Federal Rule of Civil Procedure 56(f). Relying on *StaffPro, Inc. v. Elite Show Servs., Inc.*, 136 Cal. App. 4th 1392, 1402–03 (2006), the district court found that Rezek failed as a matter of law to demonstrate the essential

2

element of favorable termination because he could not prove a favorable termination of the *entire* underlying action due to his conviction for vandalism. The only claims Rezek attempts to revive through his appeal are his malicious prosecution claims against all defendants, and his § 1983 conspiracy and intentional infliction of emotional distress claims against the IPC Defendants.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's dismissal of Rezek's TAC against the IPC Defendants under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). Likewise, we review de novo the district court's grant of summary judgment for the Tustin Defendants as to Rezek's § 1983 malicious prosecution claim. *Oluwa v. Gomez*, 133 F.3d 1237, 1238 (9th Cir. 1998). We "can affirm the district court on any basis supported by the record." *Wood v. City of San Diego*, 678 F.3d 1075, 1086 (9th Cir. 2012).[1]

Rezek alleges that the Tustin Defendants falsely claimed in their police reports that Rezek had resisted arrest, and that, as a result, Rezek was falsely prosecuted for resisting arrest. Such claims are cognizable under § 1983. *See*

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

*Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

However, the elements of Rezek's malicious prosecution claims are controlled by California state law. *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987). Under California law, "[t]o establish a cause of action for . . . malicious prosecution . . . , a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Crowley v. Katleman*, 8 Cal. 4th 666, 676 (1994), *as modified* (Nov. 30, 1994) (citing *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 50 (1974)) (citations in original omitted). When analyzing the favorable termination element, California courts looks to "the judgment as a whole." *StaffPro, Inc.*, 136 Cal. App. 4th at 1403 (quoting *Crowley*, 8 Cal. 4th at 685). Because Rezek was convicted of vandalism in the same action in which he was acquitted of resisting arrest, he cannot demonstrate that he was successful in the *entire* criminal action. Rezek's malicious prosecution claims therefore fail as a matter of law.

Because Rezek cannot state an underlying constitutional tort claim, the district court did not err in dismissing his § 1983 conspiracy claim. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) ("Conspiracy is not

4

itself a constitutional tort under § 1983," and "there must always be an underlying constitutional violation.").

Because Rezek's intentional infliction of emotional distress claim arises out of communications made to the Tustin Police Department for the purpose of investigating alleged criminal activity, it is barred as a matter of law. California Civil Code § 47(b) provides an absolute privilege to communications made to law enforcement. *Hunsucker v. Sunnyvale Hilton Inn*, 23 Cal. App. 4th 1498, 1502–03 (1994) ("[I]n *Silberg v. Anderson* [50 Cal. 3d 205, 215–16 (1990), *as modified* (Mar. 12, 1990)], the California Supreme Court made it clear that the privilege of section 47 applies to bar all tort actions, except for malicious prosecution."). This privilege furthers the policy of "assur[ing] utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing." *Id*. at 1503. Rezek also failed to plead adequate emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009). The district court, therefore, correctly dismissed Rezek's intentional infliction of emotional distress claim.

The district court's orders are **AFFIRMED.**