**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KEVIN M. CAIRNS and NANCY C. CAIRNS,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>COUNTY OF EL DORADO,<br><br>        Defendant-Appellee. | No.    16-15102<br><br>D.C. No.<br>2:15-cv-00814-MCE-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 10, 2017[**]
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and LYNN,[***] Chief District Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concluded this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Kevin and Nancy Cairns appeal the district court's order dismissing their 42 U.S.C. § 1983 suit against the County of El Dorado. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

**1.** "To prove a claim of malicious prosecution in California, the plaintiff must prove that the underlying prosecution: '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in [the] plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989) (in bank)). The Cairnses failed adequately to plead any of the required elements.

When analyzing the favorable termination element, California courts look to the "judgment as a whole." *StaffPro, Inc. v. Elite Show Servs., Inc.*, 39 Cal. Rptr. 3d 682, 690 (Cal. Ct. App. 2006) (citation omitted). Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the *entire* criminal action. *See Crowley v. Katleman*, 881 P.2d 1083, 1094 (Cal. 1994); *see also Rezek v. City of Tustin*, No. 15-55320, 2017 WL 1055648, at *2 (9th Cir. Mar. 21, 2017) (unpublished); *Nhia Kao Vang v. Decker*, 607 F. App'x 728, 729

(9th Cir. 2015) (unpublished). The malicious prosecution claim therefore fails as a matter of law.

A district attorney has probable cause to prosecute if "the underlying claim was 'legally tenable, as determined on an objective basis.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1031 (9th Cir. 2008) (quoting *Padres L.P. v. Henderson*, 8 Cal. Rptr. 3d 584, 600 (Cal. Ct. App. 2004)). The facts as alleged in the complaint establish probable cause to prosecute. The Cairnses' argue only that there was no probable cause to prosecute, because since "self-defense was alleged in the Complaint, probable cause was not shown to exist." However, "[t]he mere existence of some evidence that could suggest self-defense does not negate probable cause." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015).

To establish the malice element, we look to whether the proceeding was "instituted primarily for an improper purpose." *Tucker*, 515 F.3d at 1030 (citing *Sierra Club Found. v. Graham*, 85 Cal. Rptr. 2d 726, 739-40 (Cal. Ct. App. 1999)). The only hint of malice in the complaint is the bare allegation that the district attorney "unfairly and unlawfully" prosecuted Kevin. This conclusory allegation is insufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

The Cairnses allege that, if granted leave to amend, they would "state[] more specifically" that Kevin's actions were taken in self-defense, and they would argue Kevin would not have been prosecuted had the Sheriff's Office not "intentionally refused to interview exculpatory witnesses" and "intentionally failed to collect the surveillance videos and submit them to the prosecution." The Cairnses' proposed amendments "could not possibly cure the deficienc[ies]" in the complaint. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted). Therefore, the district court properly dismissed the claim without leave to amend, because amendment would have been futile. *Id.*

**2.** "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Doughterty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quotation marks, citation, and alterations omitted). Because the district court properly dismissed the malicious prosecution claim, the *Monell* claim necessarily fails because there is no underlying constitutional violation.

**AFFIRMED.**

4